## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

JUSTIN JAMES HINZO,

       Plaintiff,

v.                                                                  CIV 10-0506 JB/CG

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, et al.,

       Defendants.

## ORDER DENYING MOTION TO SUBSTITUTE COUNSEL

**THIS MATTER** comes before the Court upon attorney Norman Weiss' *Motion for Leave to Withdraw and Substitute Counsel*, (Doc. 60). The motion seeks to substitute the law firm of Simone, Roberts & Weiss, P.A. (Norman F. Weiss and Meena H. Allen), for the law firm of Kennedy, Moulton & Wells, P.C. as attorneys of record for Defendants Correctional Medical Services, Inc.; New Mexico Department of Corrections (solely for Medical Claims occurring subsequent to June 30, 2007); Warden George Tapia (solely for Medical Claims occurring subsequent to June 30, 2007); Joe Williams, Secretary of Corrections (solely for Medical Claims occurring subsequent to June 30, 2007); Dr. Fnu Arnold; Dr. John Stover; and Liane Lopez, and to allow Kennedy, Moulton & Wells, P.C. to withdraw from their representation of said Defendants in this case. The Court, having considered the Motion and being otherwise advised in the premises, **FINDS** the motion is not well-taken and will be **DENIED**.

       Pursuant to the Local Rules for the District of New Mexico, a party seeking to

withdraw as counsel must comply with certain requirements. When the motion is unopposed, the withdrawing party must indicate, among other things, the consent of the attorney's client. D.M.M.LR-Civ. 83.8(a). While the instant motion states that all counsel of record consent to the substitution and withdrawal, it does not state whether the clients themselves consent to the motion. The motion therefore must be denied.

The Court also has concerns with the proposed substitution of attorneys Weiss and Allen for Defendants New Mexico Department of Corrections ("DOC"), George Tapia and Joe Williams. The motion states that attorneys Weiss and Allen will represent Tapia, Williams, and DOC "solely for medical claims occurring subsequent to June 30, 2007." (Doc. 60 at 1). Attorneys Weiss and Allen are, in effect, seeking to enter a limited entry of appearance. Under the Local Rules, "an attorney may not appear in a limited manner as provided in N.M.R. PROF'L CONDUCT 16-303(E) except by Court order." D.N.M.LR-Civ 83.4(c). In this instance attorneys Weis and Allen have not represented to the Court that they wish to enter only a limited entry of appearance for Defendants Tapia, Williams, and DOC.

Even if the Court were inclined to grant attorney Weiss and Allen's limited entry of appearance, the motion is unclear as to who would represent Defendants Tapia and Williams on all claims that do not qualify as "medical claims occurring subsequent to June 30, 2007."[1] The motion seems to suggest that attorney Wells is withdrawing as counsel for Williams and Tapia *solely* with regard to medical claims occurring after June 20, 2007,

---

[1] Defendant DOC is also represented by attorney Peter Andrew Robinson, who entered a general notice of appearance on September 20, 2011. Therefore, all claims against DOC not covered in Weiss and Allen's proposed limited entry of appearance, would be handled by Mr. Robinson.

while at the same time intimating that she is withdrawing from the case in its entirety. (Doc. 60 at 1-2). The Court requires clarification as to who will represent Defendants Tapia and Williams on all claims that do not qualify as "medical claims occurring subsequent to June 30, 2007" before it will permit the proposed substitution.

    **IT IS THEREFORE ORDERED** that attorney Weiss' *Motion for Leave to Withdraw and Substitute Counsel*, (Doc. 60), be **DENIED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE