**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

JUSTIN JAMES HINZO,

        Plaintiff,

v.                                                                        CIV 10-0506 JB/CG

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff Justin James Hinzo's *Motion by the Plaintiff Pro Se Asking the Court to Verify (3) Defendants That Were Not Named in the Judges Memorandum Opinion and Order, and the Plaintiff is Asking the Court to Review Specific Exhibits A-D to Reconsider Parts of its Memorandum Opinion and Order*. (Doc. 63). Plaintiff requests that the Court reconsider its decision dismissing Plaintiff's claims against Defendants New Mexico Department of Corrections ("DOC"),[1] George Tapia, Wayne Gallegos, and Jerry Roark. (Doc. 63 at 2-5). Defendants CMS, Arnold, Stover, Lopez, Tapia, and Williams filed a response opposing the motion. (Doc. 67). No other Defendants filed a response. The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that the motion be **DENIED**.

---

[1] The proper name for the DOC is the New Mexico Corrections Department. *See* http://corrections.state.nm.us/

## I.      Factual and Procedural Background

The Court need not go into heavy detail regarding the factual nature of Plaintiff's

claims since they have been detailed in Judge Browning's *Memorandum Opinion and Order*

("MOO"), (Doc. 59 at 13-15, 19-20, 22-24), and this Court's *Order for Martinez Report*,

(Doc. 79 at 2-4). In short, Plaintiff's complaint relates to two back injuries he suffered in

2004 and 2009 while incarcerated at various DOC facilities. Plaintiff has asserted claims

against multiple Defendants arising out of these injuries. He alleges that some were

deliberately indifferent to his medical needs, that others failed to train or supervise the

officials who were indifferent to his needs, and that others failed to provide him with a safe

environment. Judge Browning's MOO, in relevant part, dismissed Plaintiff's claims against

Defendants DOC, Tapia, Gallegos, and Roark. Plaintiff believes the dismissal of these

Defendants was improper. The question is whether Plaintiff has established that Judge

Browning's dismissal of those Defendants should be amended or altered.

## II.      Standard of Review

Plaintiff's motion is titled as a *Motion . . . to Reconsider Part of [the] Memorandum

Opinion and Order.* (Doc. 63 at 1). However, the federal rules do not recognize a motion

for reconsideration.   *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.2 (10th Cir. 2010) ("A

litigant seeking reconsideration must file a motion to alter or amend judgment pursuant to

Fed.R.Civ.P. 59(e) . . .").[2]  A Court may grant a Rule 59(e) motion for one of three reasons:

---

[2] A litigant may also seek post-judgment relief under Fed.R.Civ.P. 60(b). *Ysais*, 603
F.3d at 1178 n.2. The differences between Rule 59 and Rule 60 are largely procedural. *Hawkins
v. Evans*, 64 F.3d 543, 546 (10th Cir.1995). Plaintiff's motion must be construed under Rule 59,
as opposed to Rule 60, because he filed his motion within 28 days of Judge Browning's
*Memorandum Opinion and Order.* Fed. R. Civ. P. 59(e).

an intervening change in the law; newly discovered evidence; or to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "The court should not grant a Rule 59(e) [motion] if the movant only wants to present new arguments or supporting facts that could have been offered initially." *In Re Sun Healthcare Group, Inc.*, 214 F.R.D. 671, 674 (D.N.M. 2003) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

### III.   Analysis

#### a.   Claims against New Mexico DOC

Plaintiff's complaint asserts that the DOC failed in its duty to provide him with a "safe environment free of injury." (Doc. 30 at 8 ¶ 14). Judge Browning dismissed this claim because the DOC is not a suable person under 42 U.S.C. § 1983. (*Id.* at 2, 16-17). Plaintiff's motion to reconsider does not address Judge Browning's reasoning for dismissing DOC from the case. He merely requests that DOC be "added back to the complaint." (Doc. 63 at 6). Having failed to present any new evidence or legal reasoning to challenge the dismissal of the DOC, the Court recommends that the motion be denied with respect to that Defendant.

#### b.   Claims against Defendants Tapia, Roark, and Gallegos

Plaintiff alleges that Defendant Tapia is the former Warden at the Penitentiary of New Mexico ("PNM"). (Doc. 30 at 2 ¶ 4). He alleges that Defendant Roark was a former Deputy Warden at PNM and that Defendant Gallegos was a grievance officer at PNM. (*Id.* at 3 ¶ 14, 4 ¶ 16). Plaintiff asserted claims against all three officers for, *inter alia*, denying his grievances regarding the purportedly inadequate medical care being provided by Dr.

Debra Clyde and Nurse Liane Lopez at PNM. (*Id.* at 9 ¶ 16-18, 10 ¶ 21-23, 11 ¶ 24-25, 27). He claims that they should have investigated his grievances more thoroughly so as to ensure that he received better medical treatment. (*Id.*).

Judge Browning dismissed Plaintiff's claims against Tapia, Roark, and Gallegos, noting that

> The Tenth Circuit has recognized that a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish participation under § 1983. When an inmate's only allegations involving [particular] defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an 'affirmative link' between these defendants and any alleged constitutional violation. Furthermore, administrative officials can[not] be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor.

(Doc. 59 at 24-25 (internal quotation marks omitted) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)). Judge Browning reasoned that § 1983 liability could not be premised solely on the fact that the Defendants denied Plaintiff's grievances against Dr. Clyde and Nurse Lopez. (*Id.*).

Plaintiff's motion essentially repeats the allegations in the complaint - that Defendants Tapia, Roark, and Gallegos denied his grievances after uncritically accepting assurances from medical personnel that Plaintiff was receiving proper treatment. (Doc. 63 at 3-5). His accuses the officers of rubber-stamping the excuses proffered by the medical staff. For example, he states that Defendant Roark denied a grievance about medical visits even though he "himself never goes to [the] medical records and go[es] through my medical files to see just how many times the doctors sees me." (*Id.* at 4). Similarly, he asserts that Defendant Tapia never checked his medical file to ascertain whether he was receiving treatment and that "all he did was call Dr. Clyde who was being vindictive toward

me and intentionally cause me to suffer in pain . . ." (*Id.* at 5; *see also Id.* ("[I]t's clear that

Mr. Tapia never truly investigated my claims. Had he done his job and go[ne] through my

medical files he would've seen that CMS is acting with deliberate indifference.")). He makes

the same charges against Gallegos. (*Id.* ("If Mr. Gallegos truely [sic] investigated my

complaints . . . [he] would clearly see that I wasn't being treated and the injury I have is

serious . . .")).

Plaintiff's arguments fail to establish a basis for altering Judge Browning's order

under Rule 59(e). He has not demonstrated any new evidence which would warrant altering

the judgment nor has he shown that there has been an intervening change in the law.[3] The

law regarding supervisory liability under § 1983 remains exactly as cited by Judge

Browning. Accusing an officer of "rubber-stamping" the denial of grievances is not sufficient

to establish liability. *Gallagher*, 578 F.3d at 1069. The reasoning is that denying a

grievance, even after cursory investigation, does not somehow make the denying officer

responsible for the purportedly unconstitutional conduct underlying the grievance. *Id.*; *see

also Whitington v. Ortiz*, 307 F. App'x 179, 193 (10th Cir. 2009) ("[T]he denial of the

grievances alone is insufficient to establish personal participation in the alleged

constitutional violations."); *Larsen v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (same);

*Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam). Because Plaintiff has

---

[3] Plaintiff has appended copies of several grievance denials from Roark and Tapia in his
motion. These do not constitute 'new evidence' under Rule 59(e) since the grievances date
back to 2010 and 2011 and there is no indication that Plaintiff could not have provided them at
an earlier date. *See Comm. for the First Amendment v. Campbell*, 962 F.3d 1517, 1523 (10th
Cir. 1992) (Plaintiff must show that "the evidence is newly discovered [and] if the evidence was
available at the time of the decision being challenged, that [the moving party] made a diligent
yet unsuccessful effort to discover the evidence.").

not shown that Judge Browning misapprehended the facts of the case or the controlling

law, the Court cannot say that he has established grounds for altering the judgment

pursuant to Rule 59(e). *Servants of Paraclete*, 204 F.3d at 1012.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion by the Plaintiff Pro Se*

*Asking the Court to Verify (3) Defendants That Were Not Named in the Judges*

*Memorandum Opinion and Order, and the Plaintiff is Asking the Court to Review Specific*

*Exhibits A-D to Reconsider Parts of its Memorandum Opinion and Order*, (Doc. 63), be

**DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE