UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JUSTIN JAMES HINZO,

    Plaintiff,

v.                                                                       CIV 10-506 JB/CG

STATE OF NEW MEXICO
DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

**ORDER**

**THIS MATTER** comes before the Court on several motions filed by Plaintiff, including a *Motion . . . Asking the Court to Verify to the Defendants' Counsel How All of the Defendants Are Being Sued*, (Doc. 92), *Motion . . . Requesting that Default Judgment be Entered Against Defendants*, (Doc. 93), *Motion . . . Asking for an Extension of Time to File Objection to the Defendants' Martinez Report*, (Doc. 94), *Motion . . . Requesting an Extension of time to File Objections to All of the Two out of Three Martinez Reports that Plaintiff has Received*, (Doc. 105), and *Motion . . . Asking the Court for Assistance to Help the Plaintiff Prepare a Proper Objection to Defendants' Martinez Report*, (Doc. 107).

Plaintiff's motions ask for several forms of relief with respect to the three *Martinez Reports* recently submitted by Defendants. First, he requests that the Court "verify" with Defendants that he is suing them solely in their official capacities, and not in their individual capacities. (Doc. 92). Second, he requests a thirty day extension of time to respond to two out of the three *Martinez Reports* so that he might obtain and present medical evidence which will contradict some of the Defendants' claims. (Doc. 94 at 1-3; Doc. 105 at 1-4). Third, he requests that the Court enter a default judgment against all Defendants

represented by attorney Norman Weiss due to Mr. Weiss' failure to mail a copy of those Defendants' *Martinez Report* to Plaintiff. (Doc. 93 at 1-4). Finally, he requests that the Court order the New Mexico Department of Corrections to provide Plaintiff with a typewriter so that he might better prepare his response to Defendants' *Martinez Reports*. (Doc. 107 at 1-3). For the reasons discussed below, the Court will **DENY** Plaintiff's motion to verify, will **GRANT** Plaintiff's motions for an extension of time, will **DENY** Plaintiff's motion for a default judgment, and will **DENY** his motion requesting a typewriter.

    A.    <u>**Motion to Verify**</u>

Plaintiff requests that the Court "verify to Defendants' counsels" that he has sued their clients solely in their official capacities. (Doc. 92 at 1-2). The request stems from the fact that Defendant New Mexico Department of Corrections ("NM DOC") has raised the affirmative defenses of absolute and qualified immunity in its *Martinez Report*. (Doc. 83 at 22-25). Plaintiff believes that such defenses are improper when considering claims against corrections officers in their official capacities. Defendant's attorney responds that he is well-aware that Plaintiff has only raised official capacity claims and that he asserted the immunity defense in an effort to zealously represent his client. (Doc. 101 at 1).The Court finds that Defendant's counsel has acted properly in raising all defenses which he believes is applicable to Plaintiff's claims. The Court therefore finds that no direction or instruction to "verify" is necessary and the Court will therefore **DENY** Plaintiff's motion.

    B.    <u>**Motions Requesting Extensions of Time**</u>

Plaintiff has requested a thirty day extension of time to prepare his response to the *Martinez Reports* prepared by the New Mexico Department of Corrections, (Doc. 83), and

Wexford Medical Services, (Doc. 85). Plaintiff believes that Defendants are trying to argue that his back injury, which forms the basis of his complaint, is actually the result of a motorcycle accident suffered by Plaintiff in 1993 and not the result of negligence on the part of any correctional defendants. (Doc. 94 at 1; Doc. 105 at 1-2). He claims that the motorcycle accident has no bearing on his current back injury and seeks an extension of time to recover certain medical records from the doctor who treated his motorcycle injuries. (*Id.*). All Defendants state that they have no objection to Plaintiff's request for an extension of time, so long as they are given an appropriate period of time to file replies to Plaintiff's responses. (Doc. 96; Doc. 99; Doc. 100).

Considering that Plaintiff is seeking to procure outside medical records and the voluminous nature of the *Martinez Reports*, the Court finds that Plaintiff has demonstrated good cause for an extension. Plaintiff shall have thirty days from the date of this order to file his response. Defendants shall have fourteen days to reply to Plaintiff's response.

    **C.**    **Motion for Default Judgment**

Plaintiff asserts that he never received a copy of the *Martinez Report* for Defendants Tapia, Williams, Mizell, Arnold, Clyde, Stover, Lopez, and Correctional Medical Services ("CMS"). (Doc. 93 at 1-2). The Defendants are represented by attorney Norman Weiss. Plaintiff accuses attorney Weiss of intentionally refusing to provide Plaintiff with a copy of the *Martinez Report* in violation of this Court's order. (*Id.* at 1-4). He therefore requests that the Court enter a default judgment against all Defendants represented by Mr. Weiss. (*Id.*).

Attorney Weiss responds that he prepared Defendants' *Martinez Report* and then mailed a copy of it to Plaintiff at the Penitentiary of New Mexico ("PNM"). (Doc. 98 at 1-2). He represents that the *Martinez Report* was sent by FedEx Ground Delivery and has

appended a shipping receipt indicating that the package was received and signed for on July 12, 2012. (*Id.* at 5). He states that he has taken all reasonable steps to serve the *Martinez Report* on Plaintiff.

The Court finds that Defendants have complied with this Court's order regarding the submission of a *Martinez Report* and that attorney Weiss has made all reasonable efforts to provide Plaintiff with a copy of the *Report*. The *Report* was timely filed on the Court's docket and received in chambers. The shipping receipt appended to Mr. Weiss' response indicates that their *Report* was sent to PNM and signed for. Therefore, the Court will deny Plaintiff's request for a default judgment. However, because Plaintiff has not yet received a copy of the *Martinez Report* for Defendants Tapia, Williams, Mizell, Arnold, Clyde, Stover, Lopez, and CMS, the Court will order those Defendants to serve a second copy of the *Report* upon Plaintiff. Defendants may consult with counsel for the New Mexico Corrections Department or appropriate officials within the department regarding the location of the *Report* since it was delivered and signed for at PNM and, presumably, is still within the possession of PNM officials. However, if the original *Report* cannot be found, a second copy must be generated and served upon Plaintiff.

### D.     Motion for Court Assistance

Plaintiff's *Motion . . . Asking for Court Assistance to Help Prepare a Proper Objection to Defendants' Martinez Report* requests that the Court order the New Mexico Department of Corrections to furnish Plaintiff with a typewriter. (Doc. 107 at 1-3). He argues that he could prepare more legible responses to the *Martinez Reports* were he to have access to a typewriter. (*Id.* at 2). He also asserts that handwriting responses is difficult because the Department of Corrections restrictions him to no more than five sheets of writing paper and

3-4 pens per week. (*Id.*).

Inmates do not possess a constitutionally protected right to use a typewriter when preparing court documents. *See, e.g.*, *River v. Hassler*, 79 F. App'x 392, 394 (10th Cir. 2003) (no right to use a typewriter when preparing legal documents); *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) ("Access to the courts does not include a federally protected right to use a typewriter"). In this case, Plaintiff's submissions to the Court have been entirely legible and, at times, voluminous. The Court will decline to order the Department of Corrections to provide Plaintiff with a typewriter. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that;

i) Plaintiff's *Motion . . . Asking the Court to Verify to the Defendants' Counsel How All of the Defendants Are Being Sued*, (Doc. 92), be **DENIED**;

ii) Plaintiff's *Motion . . . Asking for an Extension of Time to File Objection to the Defendants' Martinez Report*, (Doc. 94), and *Motion . . . Requesting an Extension of time to File Objections to All of the Two out of Three Martinez Report that Plaintiff has Received*, (Doc. 105), be **GRANTED**;

iii) Plaintiff's *Motion . . . Requesting that Default Judgment be Entered Against Defendants*, (Doc. 93), be **DENIED**; and

iv) Plaintiff's *Motion . . . Asking the Court for Assistance to Help the Plaintiff Prepare a Proper Objection to Defendants' Martinez Report, to Make it Faster, Better Formatted, and a lot More Proper*, (Doc. 107), be **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Arnold, Stover, Clyde, Mizell, Lopez, and CMS either confer with counsel for the New Mexico Corrections Department regarding

the missing *Martinez Report*, (Doc. 84), or prepare and submit a new copy of the report to Plaintiff. Plaintiff shall have thirty days from receipt of the *Martinez Report* to file a response thereto.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days from the date of this Order to submit his response to the *Martinez Reports* for Defendant New Mexico Correction Department and Wexford Medical Services, (Doc. 83; Doc. 85). Plaintiff's response shall be due on or before Friday, September 14, 2012.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE